WILLIAM H. KELLY *v.* D. S. BENEDICT and another, Owners of the Steamer General Brown.

To recover of the owners of a steamer, as common carriers, the value of property lost or destroyed by them, it is sufficient to allege that the defendants undertook as carriers to convey the property for hire, and failed to do so. Any specification of the acts, or neglect which occasioned the loss, may be regarded as surplusage, and can furnish no ground for excepting to the petition as uniting distinct causes of action— a cause *ex contractu,* with one *ex delicto.*

Where it appears from the return of the Commissioner, that a witness whose deposition was taken by him, was cross-examined by a member of the bar, not the counsel of record of the party, it will be presumed that he had authority to appear, either from the client, or his counsel of record, unless his authority be denied on oath.

The return of "not found" on a subpœna for a witness, and proof that he resides out of the State, will authorize the admission of his testimony taken under a commission.

The owners of a steamer employed in carrying freight and passengers for hire, are responsible as partners and common carriers, *in solido,* for any loss of property confided to them, occasioned by want of care or skill in those in charge of the boat.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.
*Lockett* and *Micou,* for the plaintiff.

*Chinn* and *Grymes,* for the appellants.

BULLARD, J. The plaintiff represents, that he put on board the steamboat General Brown, belonging to the defendants, and then descending the Mississippi, about thirty horses, to be transported to, and delivered in New Orleans. That after the horses were taken on board, and when the boat was at or about the town of Helena, through the negligence and misconduct of the captain, officers, and crew, her boilers exploded, whereby twelve of his horses were killed; and others badly injured, and a quantity of provender was destroyed. He further represents, that after the boat stopped at Helena, the safety valve was not opened so as to let off steam, and none was suffered to escape while lying at said place, and that the explosion was occasioned by such neglect, in the attempt to put off from the landing. He further avers, that the officers of the boat were running in contravention of the act of Congress of the 7th of July, 1838. He alleges the horses de-

stroyed to be worth $3600. He prays for judgment against the owners as common carriers, and bound, *in solido*, as partners.

The case was submitted to a jury, whose verdict was in favor of the plaintiff for $2500, and against the defendants, *in solido.* The plaintiff entered a *remittitur* for $500 ; and judgment being rendered for the balance against the defendants, *in solido*, they have appealed.

Before the trial it appears, that the defendants offered to file an exception to the petition, for that the plaintiff had made out in his petition a cause of action, *ex contractu*, and in the same petition had set forth a cause of action, *ex delicto ;* thus attempting, in the same suit, to unite separate and distinct causes of action.

The court did not err in rejecting this exception. The petition sets forth, in our opinion, only a cause of action growing out of the contract to convey a number of horses, for hire as common carriers, setting forth in general terms, that a part of them was lost by the fault of the captain and officers of the boat, and then setting forth specifically, in what their negligence and default consisted. But it is upon the contract that the plaintiff grounds his right to recover. That part of the petition which specifies the acts of negligence which occasioned the loss, may be regarded as surplusage. It would have sufficed to allege, that the defendants undertook as carriers, to convey the horses for hire, and had failed to do so, leaving to the defendants to prove that they were prevented from complying with their contract by *vis major*.

It is contended that neither of the defendants was on board, and could not, therefore, have prevented the accident, and consequently are not liable, according to article 2299 of the Civil Code. In support of this ground, we are referred to the case of *Palfrey* v. *Kerr et al.*, 8 Mart. N. S. 504.

The article above cited comes under the head of offences and quasi-offences in the code, and only makes the employer liable for the torts of servants and overseers, when they could have prevented the act which caused the damage, and failed to do so. But, in the present case, the contract was made with the captain, acting within the scope of his authority, and it was violated by a failure through his negligence, to deliver the horses. We have already said, that this does not appear to us to be an action for a

quasi-offence.  *Barataria and Lafourche Canal Co.* v. *Field et al.*, 17 La. 421.

It is next urged, that the court erred in not rejecting a deposition of Hoaglan which was objected to on the ground, that it was taken without notice, without interrogatories served upon the defendants, and that the certificate of the Commissioner, that Mr. Josephs appeared for the counsel of record, was extrajudicial ; and because it did not appear, that the witness was not within the jurisdiction of the court, at the time of the trial.

The court did not err.  It is apparent on the face of the deposition, that the witness was cross-examined, and we are to presume that Mr. Josephs had authority to appear, either from the client, or the counsel of record, unless that authority be denied on oath.  Before the deposition was read to the jury, a witness swore that Hoaglan was not a resident of the city or State, and a subpœna was produced with a return of " not found."

Upon the merits, we are of opinion that the evidence authorized the jury to conclude, that the loss was occasioned by the want of care and skill in those who had charge of the steamboat.   She remained at the landing from five to fifteen minutes ; and the weight of evidence is, that during that time, there was no escape of steam, and that the fires were kept up.   Independently of the act of Congress of 1838, there is enough to satisfy us that the officers of the steamboat were in fault, and that the explosion can be accounted for on no other hypothesis.

The amount of indemnity to which the plaintiff is entitled, is more doubtful.   The jury found $2500, the plaintiff remitted $500, and the court below was satisfied with that, as a just measure of indemnity ; and we cannot say it is so unsupported by evidence, as to authorize us to interfere.

*Judgment affirmed.*